UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>GEORGIOS P SPYROPOULOUS,<br><br>Debtor. | Chapter 13<br>Bankruptcy No. 20-03995<br>Honorable Judge Jack B. Schmetterer |
| ECONOCARE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GEORGIOS P SPYROPOULOS,<br><br>Defendant. | Adversary No. 20-00179 |

## OPINION ON MOTION TO DISMISS [DKT NO. 9]

### Summary

Defendant has moved to dismiss the Complaint. Plaintiff's Complaint seeks nondischargeability under the following Counts:

1. Count I – Nondischargeability under 523(a)(2)(A) (false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition). For relief, Plaintiff prays for a judgment for the following (confusing) relief:

    (a) recognizing the State Court Judgment as a valid and enforceable lien;

    (b) finding that Debtor wrongfully retained proceeds belonging to Plaintiff;

    (c) [Defendant's] omission that he recovered insurance proceeds related to Plaintiff's property was a reckless disregard for the truth and was made with the intent to deceive upon which Plaintiff justifiably relied;

    (d) declaring the claim [Plaintiff holds] against [Defendant] to be non-dischargeable debt; [and]

    (e) any other relief this Court deems equitable and just.

Plaintiff's relief sought is confusing. Why is a finding recognizing a state court judgment as a lien and wrongful retainment of proceeds necessary for nondischargeability under Section 523(a)(2)(A) necessary? There only needs to be a finding that: (a) Defendant made a representation; (b) that he knew was false at the time of; (c) representation was made with the

intent and purpose of deceiving the Plaintiff; (d) that Plaintiff justifiably relied on the representation; and (e) that Plaintiff suffered loss or damage due to the proximate consequence of the representation having been made. *In re Ojeda*, 397 B.R. 67, 84 (Bankr. N.D. Ill. 2004).

Defendant argues Plaintiff presented no basis of facts to support those conclusions of fraudulent misrepresentations and fraud. Plaintiff argues that it indeed did so when it alleged: (a) that Defendant refused to return deposits or materials belonging to Plaintiff (that was in Defendant's possession); and (b) that Defendant made a claim to his insurer to recover the value of Plaintiff's materials and Defendant concealed the fact that he received $87,000 from an insurer for the loss of Plaintiff's property. Indeed, silence as to a material fact can constitute a false representation. *See Reeves v. Davis*, 638 F.3d 549, 553 (7th Cir. 2011). However, even if the above allegation is true, (that Defendant did not return Plaintiff's materials and did not tell Defendant that he received funds from an insurer for Plaintiff's property), how would that act or omission in 2020 equate to false representations or pretenses when Plaintiff's claim is based on breach of contract and unjust enrichment for a contract entered in 2015-17? No false pretenses or misrepresentations was alleged in the Complaint applying to when the contract was entered into that serves as the basis for Plaintiff's proof of claim.

Count I will be dismissed with leave to amend.

II. Count II – Nondischargeability under Section 523(a)(4) (embezzlement). For relief, Plaintiff seeks the same confusing relief:

   (a) recognizing the State Court Judgment as a valid and enforceable lien;

   (b) finding that Debtor wrongfully retained proceeds belonging to Plaintiff;

   (c) [Defendant's] omission that he recovered insurance proceeds related to Plaintiff's property was a reckless disregard for the truth and was made with the intent to deceive upon which Plaintiff justifiably relied;

   (d) declaring the claim [Plaintiff holds] against [Defendant] to be non-dischargeable debt; [and]

   (e) any other relief this Court deems equitable and just.

Again, why are the above necessary for nondischargeability under Section 523(a)(4) necessary? Embezzlement requires only that a party appropriates another's property for its own benefit, and that the act was done with fraudulent intent. *In re Manevska*, 587 B.R. 517, 534 (Bankr. N.D. Ill. 2018). The Complaint alleges simply that Defendant wrongfully assumed control

of and retained Plaintiff's property. But the Complaint does not allege that Defendant acted with fraudulent intent (implied, perhaps, but not explicitly alleged in the Complaint).

Here, Defendant's arguments are equally confusing. First, Defendant disputes that the insurance proceeds were not Plaintiff's property. But, in a motion to dismiss, the alleged facts are accepted as true and disputes of facts are not appropriate. *See Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). Furthermore, Defendant argues that because the chapter 13 plan provides for payments to all creditors at 100%, this in of itself shows that the requisite fraudulent intent required for nondischargeability under Section 523(a)(4) is lacking.

Count II will be dismissed with leave to amend.

III. Nondischargeability under Section 523(a)(6) (willful and malicious injury)

This Count can be easily dismissed regardless of any changes in a final judgment from the State Court.

Defendant argues that "11 U.S.C. § 523(a)(6) is not available in a Chapter 13 case as a result of 11 U.S.C. § 1328(a)(2)." Defendant is half-correct. While indeed nondischargeability under 11 U.S.C. § 523(a)(6) is indeed not available if the debtor receives a "full compliance discharge" under 11 U.S.C. § 1328(a), nondischargeability under 11 U.S.C. § 523(a)(6) is available if a debtor moves for a "hardship discharge" under 11 U.S.C. § 1328(b). *See In re Liescheidt*, 404 B.R. 499, 503–04 (Bankr. C.D. Ill. 2009).

> Section 1328 outlines the conditions for and the effect of obtaining a discharge in a Chapter 13 case, and identifies two alternative kinds of discharge. Section 1328(a) defines what is often referred to as a "full compliance discharge." *See, e.g., In re Cisneros*, 994 F.2d 1462 (9th Cir.1993). The right to the full compliance discharge is conditioned upon "completion by the debtor of all payments under the plan." 11 U.S.C. § 1328(a). Although a full compliance discharge is the broadest available to a Chapter 13 debtor, certain debts are excepted from the discharge, including any debt "of the kind specified in section 507(a)(8)(C) or in paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a)." 11 U.S.C. § 1328(a)(2). So a debtor who earns a full compliance discharge by completing all of her plan payments is discharged from debts arising from willful and malicious conduct, since paragraph (a)(6) of Section 523 is not a stated exception, but is not discharged from debts arising out of the conduct proscribed by Sections 523(a)(2) and (4), which are included among the stated exceptions.
> Section 1328(b) provides what is known as a "hardship discharge." *See, e.g., Matter of Johnson*, 787 F.2d 1179, 1182 n. 4 (7th Cir.1986). A hardship discharge may be obtained by a Chapter 13 debtor who has failed to complete all plan payments where the failure is not the fault of the debtor, where unsecured creditors have been paid at least as much as they would have received in a Chapter 7 case, and where modification is not practicable. 11 U.S.C. § 1328(b)(1), (2) and (3). Narrower in scope than a full compliance discharge, a

3

hardship discharge does not cover any of the debts specified in Section 523(a). 11 U.S.C. § 1328(c)(2). So a debtor who receives a full compliance discharge is discharged from a Section 523(a)(6) debt, while one who receives the more limited hardship discharge is not. Whether a particular debt is of a kind specified in paragraph (2), (4) or (6) of Section 523(a) is an issue that the creditor has the burden to affirmatively raise, as stated in Section 523(c)(1), and is subject to the limitations periods set forth in paragraphs (c) and (d) of Rule 4007. Since Section 523(a)(2) and (a)(4) debts are excepted from a full compliance discharge, a creditor owed such a debt must file an adversary complaint within the time specified in Rule 4007(c), or the opportunity to have the debt determined nondischargeable is lost. Not so with respect to Section 523(a)(6) debts.

Where a debtor is proceeding toward a full compliance discharge, that would by definition discharge a Section 523(a)(6) debt, there is no reason to litigate the issue of whether the debt is, in fact, one for a willful and malicious injury. Whether it is or isn't doesn't matter, since it will be discharged either way if the debtor receives a full compliance discharge. Only if the debtor subsequently moves for a hardship discharge, which would not discharge a debt for a willful and malicious injury, would it matter. This principle is embodied in Rule 4007(d), which provides that when a debtor files a motion for hardship discharge, the court shall fix a deadline for creditors to file complaints under Section 523(a)(6) and provide notice of the deadline to all creditors.

*Id.* at 503-04.

The question of whether Defendant's debt to Plaintiff involved here is within the realm of Section 523(a)(6) will only become material if Defendant moves for a hardship discharge, which Defendant has not done and may indeed never do so. Therefore, the issue is not yet ripe for adjudication. *See Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal quotations omitted). When claims are not ripe, they shall be dismissed for lack of subject matter jurisdiction. *Biddison v. City of Chicago*, 921 F.2d 724, 726 (7th Cir. 1991). Accordingly, Count III should be DISMISSED.

4

<u>Conclusion</u>

1. Counts I and II are dismissed with leave to amend within 21 days hereof (by October 20, 2020).
2. Count III is finally dismissed.
3. This matter is set for status of pleading on December 2, 2020 at 11:00 a.m. via AT&T Teleconference using the following information:

   **AT&T Toll Free Number: 1-877-336-1839**
   **Access Code: 3900709**

ENTER:

_____
Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 29th day of September 2020